IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JIMMY L. MEDLOCK                                                                                              PLAINTIFF

v.                    Civil No. 6:12-CV-06127-SOH-BAB

GARY MILLER, ET. AL.
                                                                                                              DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff, Jimmy L. Medlock, pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated the Arkansas Department of Corrections ("ADC") Pine Bluff Unit. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before me is Defendants' Summary Judgment Motion. ECF No. 97. After careful consideration, the undersigned makes the following Report and Recommendation.

**I.      BACKGROUND**

Plaintiff filed his Complaint in the Eastern District of Arkansas on November 15, 2012. ECF No. 2. The case was properly transferred to this District on November 19, 2012. ECF No. 3. Plaintiff filed an Amended Complaint on August 22, 2013. ECF No. 18. In his Complaints, Plaintiff claims excessive force was used against him during his arrest on or about March 27, 2012. ECF No. 18. Plaintiff seeks monetary damages. ECF No. 18.

Defendants filed the current Summary Judgment Motion on May 15, 2015. ECF No. 97.

**II.     LEGAL STANDARD**

1

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III.   DISCUSSION

Plaintiff alleges excessive force was used against him after he began head-butting the plexiglass window of the police car where he was placed at the scene of his arrest. Specifically, he alleges two officers yanked him back and forth as though he was the rope in a game of tug-of-war while he was handcuffed in the back of the patrol car. He alleges he was pulled out of the car and slammed to the ground, injuring his shoulder and cheek. He also alleges he received a "5-6 inch gash " on his left arm when he was pulled from the car. He further alleges Officer Miller and Lewis

held him down on the ground, with Lewis putting a knee on the back of neck, restricting his airflow and making it difficult to breathe. He also alleges his handcuffs were too tight. ECF No. 69, p. 2-4.

Defendants argue Plaintiff was intoxicated, and no force was used against him until he acted in ways showing himself to be a danger to himself. Plaintiff's actions included kicking the car door and windows, banging his head on the plexiglass divider between the front and back seats, and banging his head on the pavement when removed from the car. When he resisted being removed from the patrol car, he knocked a portion of the protective rubber stripping off the door and exposed a sharp metal edge. This edge caused the laceration to his arm. They argue the record shows Plaintiff was not compliant, and the force used was necessary to protect Plaintiff from harm. Defendants make additional arguments as to several of the Defendants individually; however it is not necessary to address these for this report and recommendation. ECF No. 99.

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from "the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989)(citation omitted). Any punishment of a pretrial detainee violates the Due Process Clause. *Edwards v. Byrd*, 750 F.3d 728, 732 n, 2 (8th Cir. 2014). Any use of force is unconstitutional if the force was used to "injure, punish, or discipline" a detainee. *Id.* at 732. A use of force does not amount to unconstitutional punishment if it is "but an incident of some other legitimate governmental purpose." *Bell v. Wolfish*, 441 U.S. 520, 535, 538 (1979).

The Supreme Court, in a case decided on June 22, 2015, addressed the standard to be applied in analyzing excessive force claims brought by pretrial detainees. The Court held that a pretrial detainee need only show that an officer's use of force was objectively unreasonable to prevail on an excessive force claim. *Kingsley v. Hendrickson, et al*, No. 14-6368, 135 S. Ct. 2466, 2015 WL

3

2473447, *3 (June 22, 2015). In determining whether a given use of force was reasonable or excessive, the Court said the following may bear on the issue:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* at *6. The Court noted that the list was not exclusive but instead only illustrated the "types of objective circumstances potentially relevant to a determination of excessive force." *Id.*

The Defense supplied audio tapes of Plaintiff's arrest, including the time he was being treated by ambulance medics and at the hospital. These tapes support the Defendants' version of events, as do photographs of the patrol car. The Court listened to these audiotapes prior to the hearing. Exhibit 2 covered Plaintiff's arrest and medical treatment for his arm. In this tape the Plaintiff sounded intoxicated and belligerent. Muffled yelling and thudding noises were clearly audible on the tape. There were sounds of a struggle, with Plaintiff both yelling and yowling. He was repeatedly told to stop resisting. At one point he says "he can't hardly breathe" and they need to get their knee out of his neck . However, he continues yelling immediately before and after the statement that he can't breathe. The LifeNet ambulance service was called immediately, and Plaintiff was given medical car on the scene and taken for medical care at a hospital promptly. While at the hospital, Plaintiff admitted he was banging his head on the window and kicking the car. At one point Plaintiff tells Officer Mills "You all should have Tazed me - would have gotten me to loosen up."

Audio Exhibit 12 included dispatch and the lifenet calls. In these calls one can hear Plaintiff yelling in the background.

At his deposition, Plaintiff admitted he had about eight beers out of a twelve pack, starting

4

at 8:00am.  He also admitted to kicking the car door and "knocking on the plexiglass" with his knuckles in the patrol car. ECF No. 98, Ex. 10, p. 2.  He stated the injury to his shoulder and face "really wasn't too serious. . .just kind of like road rash." ECF No. 98, Ex. 10, p. 3.  When asked about customs or practices by the city which harmed him, Plaintiff plead the Fifth Amendment. ECF No. 98, Ex. 10, p. 5-6.  Plaintiff's testimony indicating he used his knuckles on the plexiglass, as opposed to his head, is directly contradicted by the audio tapes and his hearing testimony.

The Court conducted a hearing on December 2, 2015, to allow Plaintiff to respond to the Motion for Summary Judgment.  At this hearing Plaintiff testified he was kicking the door to get the officers' attention and tell them his girlfriend was not involved and his handcuffs were too tight.  He testified when this tactic failed to work, he started banging his head on the plexiglass between the front and back seats of the patrol car.  Later in the hearing, Plaintiff was asked if he was doing anything in the car besides kicking. He denied that he was doing anything other than yelling and kicking.

When asked if there was any department policy or custom of the police department which had violated his rights, Plaintiff stated he thought the police were acting the way they were because he "got into it" with a Caucasian. He stated he thought they were trying to plant a weapon on him in the struggle.  Defense counsel stated this was the first time any mention had been made of planting a weapon.  Plaintiff further stated he "did some research and some of them are under investigation for racial stuff."  At various points thought the testimony, Plaintiff stated he "couldn't remember."  He admitted he had been drinking, but stated he was not drunk because he "eats when he drinks."

When queried as to what injuries he sustained, he stated he had a scar on his shoulder and face. He stated "they won't give me the hospital records." It is not clear why Plaintiff needed hospital records to describe his own injuries at the time of his arrest.

Based on all of the evidence presented, Plaintiff's version of the events is blatantly contradicted by the record, while Defendants' statement of facts is fully supported. Defendants' use of force was reasonable in order to prevent Plaintiff from injuring himself. The audio tapes, combined with Plaintiff's admissions and inconsistencies in testimony support this conclusion. Indeed, the officers should be commended for their quick action to prevent Plaintiff from self-harm, tolerance of Plaintiff's belligerent behavior, and prompt attention to Plaintiff's medical treatment in this case.

Accordingly, there are no genuine issues of material fact regarding Plaintiff's excessive force claim.

## IV. CONCLUSION

For the foregoing reasons, I recommend Defendants' Motions for Summary Judgment (ECF.No. 97) be **GRANTED** and that all Defendants be dismissed from this action with prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**Dated this 21st day of December 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE