IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JIMMY L. MEDLOCK                                                                PLAINTIFF

v.                                                    Case No. 6:12-cv-6127

GARY MILLER; DAVID FLORY;
SHANE LEWIS; BRANDON JONES;
JERRY FREEMAN; PAUL CALCAGNO;
and G. NELSON, in their Individual and
Official Capacities as members of the
Hot Springs Police Department                                                 DEFENDANTS

<u>ORDER</u>

Before the Court is the Report and Recommendation filed December 21, 2015 by the

Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.

(ECF No. 109).  Judge Bryant recommends that Defendants' Motion for Summary Judgment (ECF

No. 97) be granted and that all Defendants be dismissed with prejudice.  Plaintiff has filed objections

to the Report and Recommendation.  (ECF No. 110).  The Court finds the matter ripe for

consideration.

On November 15, 2012, Plaintiff filed his Complaint in the Eastern District of Arkansas.

(ECF No. 2).  On November 19, 2012, the case was transferred to the Western District of Arkansas.

(ECF No. 3).  On August 22, 2013, Plaintiff filed an Amended Complaint.  (ECF No. 18).  In his

Amended Complaint, Plaintiff alleges that excessive force was used against him during his arrest

on March 27, 2012 by several police officers employed by the Hot Springs, Arkansas Police

Department.  Defendants claim that Plaintiff was resisting arrest and posing a danger to himself.

Therefore, the force used was reasonable.  In his Report and Recommendation, Judge Bryant found

that, based upon the evidence before the Court, Defendants' use of force was reasonable in order to

prevent Plaintiff from injuring himself.

In his first objection to Judge Bryant's Report and Recommendation, Plaintiff claims that Judge Bryant misconstrues the facts. He claims that excessive force was used against him before he was placed in the back of a patrol car rather than after. The timing of the alleged excessive force in this situation is irrelevant to the ultimate issue of whether the force used against Plaintiff was unreasonable. Accordingly, the objection is overruled.

Plaintiff objects to Judge Bryant's involvement in this case. Plaintiff argues that Judge Bryant has granted numerous requests of Defendants and has shown them favoritism. The rulings Judge Bryant has issued in this case are based on the facts and the law. The objection on this point is also overruled.

Plaintiff objects to the fact that Judge Bryant brought up key portions of Defendants' arguments that are detrimental to their case and did not address them. None of the arguments were detrimental to Defendants and they were not addressed because it was unnecessary based on the ultimate ruling in the case.

Plaintiff objects to Judge Bryant's findings that the force used by the officers to extract Plaintiff from the police car was not objectively unreasonable. He offers a different recollection of the events and reasoning for all of the actions. The Court has considered Plaintiffs' version of events and agrees with Judge Bryant's findings. The Plaintiff has failed to show how the force used by Defendants was objectively unreasonable.

Plaintiff objects to the use of the audiotapes that Judge Bryant found supported the Defendants' version of events. He states that he was "in shock and could have said anything." The Court finds these arguments unpersuasive. Plaintiff offers no specific statements that he made that should not be believed or taken into consideration.

Plaintiff objects to Judge Bryant's statement that Plaintiff stated in his deposition that he was knocking on the plexiglass separating the back and front seats of the police car with his knuckles. Plaintiff states that he never said anything in the deposition about knocking on the plexiglass with his knuckles. Rather, he states that is how soft he was banging his head against the plexiglass. He also states that he was not banging his head hard enough to cause the glass to break. In Plaintiff's deposition, he does not state that he was knocking on the plexiglass with his knuckles. He only states that he was "knocking on the plexiglass." (ECF No. 98, Ex. 10, Pg. 2). Taking this into consideration, the Court agrees with Judge Bryant that Plaintiff has failed to show how the force used by Defendants was objectively unreasonable.

Plaintiff objects to Judge Bryant's statement that "it is not clear why Plaintiff needed the hospital records to describe his own injuries at the time of his arrest." Plaintiff argues that he asked for the hospital records to show the damage done to him and the effect it will have on him for the rest of his life. The Court agrees with Judge Bryant that this request for medical records is irrelevant to show how the force used by Defendants was objectively unreasonable.

Plaintiff objects to Judge Bryant's statement that "Plaintiff's version of the events is blatantly contradicted by the record, while Defendants statement of facts is fully supported." He argues that Judge Bryant misconstrued his words, added words to his words, and changed the meanings of his words to support the Defendants' statement of facts. The Court has reviewed the record and agrees with Judge Bryant's findings.

Plaintiff argues that force cannot be reasonably used to prevent an injury and cause an injury at the same time. However, the Court's inquiry is focused on the amount of force used in light of the facts and circumstances, not the type of injury inflicted. *See Chambers v. Pennycook*, 641 F.3d

898, 906 (8th Cir. 2011).  The fact that an injury results from the use of force does not require the Court to find that the force is unreasonable.  *See Cook v. City of Bella Villa*, 582 F.3d 840 (8th Cir. 2009); *Mann v. Yarnell*, 497 F.3d 822 (8th Cir. 2007); *Wertish v. Krueger*, 433 F.3d 1062 (8th Cir. 2006).

Plaintiff finally objects to Judge Bryant's statement that "there are no genuine issues of material fact regarding Plaintiff's excessive force claim."  He states that he has several injuries resulting from Defendants' use of excessive force.  However, as stated above, sometimes reasonable force is required in making an arrest.  Plaintiff has failed to show how the actions by Defendants were objectively unreasonable.  Plaintiff fails to overcome Judge Bryant's finding of reasonableness with any additional facts, evidence, or law.

The Court has reviewed Plaintiff's objections and finds that they offer neither law nor fact requiring departure from Judge Bryant's Report and Recommendation.  In his objections, Plaintiff repeats his claim that Defendants used excessive force to subdue him in violation of his constitutional rights.  Although he makes several allegations, the Court agrees with Judge Bryant that Plaintiff has failed to show how the force used by Defendants was objectively unreasonable.  Therefore, Plaintiff's objections are hereby overruled and the Court adopts the Report and Recommendation *in toto*.

Accordingly, Defendants' Motion for Summary Judgment (ECF No. 97) is hereby **GRANTED** and Plaintiffs' Amended Complaint is **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED, this 7th day of March, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge